[No. 3713. Decided August 23, 1901.]

THE STATE OF WASHINGTON *on the Relation of W. L. Belt, Respondent, v.* H. L. KENNAN, *Police Justice, Appellant.*

PROHIBITION, WRIT OF—TO JUSTICE OF PEACE—OTHER ADEQUATE REMEDY.

The action of the superior court in granting a writ of prohibition to prohibit a justice of the peace from further proceeding in the prosecution of a defendant for a misdemeanor because, as viewed by the superior court, the justice was proceeding without jurisdiction and his conclusion would be void, will not be disturbed on appeal to the supreme court therefrom, when it is questionable whether the defendant would have an adequate remedy by appeal from the judgment of the justice.

TRIAL BY JURY—RIGHT TO—VIOLATION OF CITY ORDINANCES.

Violation of city ordinances do not fall within the class of misdemeanors against the state, under which the accused is guaranteed the right of trial by jury, from the mere fact that Bal. Code, § 739, subd. 36, provides for the arrest, trial and punishment of all persons charged with violating any of the ordinances of cities of the first class, "but such punishment shall in no case exceed the punishment provided by the laws of the state for misdemeanors," since Laws 1899, p. 135, specially defining the jurisdiction of the justice of the peace selected as police justice in such cities, provides that he shall have exclusive jurisdiction over all offenses defined by any ordinance of the city, and that in the trials of actions for violations thereof, "no jury shall be allowed."

SAME—CONSTITUTIONAL LAW.

The constitutional right of trial by jury is not impaired by the summary trial and punishment of a person for the violation of a city ordinance against disorderly conduct, since such constitutional guaranty does not extend to petty and minor offenses.

CITY ORDINANCE AGAINST DISTURBANCE OF PEACE—CONSTRUCTION—RIOTOUS CONDUCT.

A city ordinance prescribing the punishment of "every person who shall on any street, sidewalk, alley, or public place, or in or upon any private house, building or premises, act in a noisy, riotous or disorderly manner," merely uses the term "riotous"

in its popular meaning of wanton and boisterous, and has no allusion to the technical crime of riot.

Appeal from Superior Court, Spokane County.—Hon. LEANDER H. PRATHER, Judge. Reversed.

*T. D. Rockwell,* for appellant.

*Graves & Graves* and *Sullivan, Nuzum & Nuzum,* for respondent.

The opinion of the court was delivered by

REAVIS, C. J.—Appeal from proceeding in the superior court for a writ of prohibition. The appellant is police justice in the city of Spokane. In 1899 respondent, Belt, was charged with an offense under a city ordinance which reads as follows:

"Section 1.  Every person who shall on any street, sidewalk, alley, or public place, or in or upon any private house, building or premises, act in a noisy, riotous or disorderly manner shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be fined not less than one dollar nor more than fifty dollars."

He appeared in the police court, and entered a plea of not guilty, and demanded to be tried by a jury. The justice refused to call a jury, whereupon respondent made application to the superior court for a writ of prohibition. To the affidavit for the writ appellant interposed a demurrer on two grounds,—that the affidavit did not state facts sufficient to constitute a cause of action, and that appellant was not entitled to the relief sought. The court overruled the demurrer, and, appellant electing to stand thereon, a peremptory writ of prohibition was granted, from which an appeal was taken to this court.

Appellant here urges that respondent, Belt, had a plain, speedy, and adequate remedy at law, and that the writ of prohibition should not have been granted by the superior

court. The remedy by appeal may be doubtful. This view was taken by the supreme court of the United States in *Callan v. Wilson*, 127 U. S. 540 (8 Sup. Ct. 1301). The writ was granted by the superior court to an inferior tribunal, because, as viewed by the superior court, the in- ferior was proceeding without jurisdiction, and its conclu- sion would be void; and the discretion of the court in the use of the remedy will not be disturbed here.

But it is urged upon the merits by counsel for respondent that the offense which respondent is charged with is of right triable by jury, and it is contended that powers con- ferred upon cities of the first class by the legislature au- thorize the punishment of criminal offenses as such, and that thus the constitutional right of trial by jury exists in each case denounced by such city ordinance. After enu- merating the legislative powers of the municipality in subd. 36 of § 739, Bal. Code, it further provides:

". . . for the arrest, trial and punishment of all persons charged with violating any of the ordinances of said city; but such punishment shall in no case exceed the punishment provided by the laws of the state for mis- demeanors;"

and it is argued that this is a designation of all such of- fenses under municipal ordinances as misdemeanors. Sec- tion 7435, Bal. Code, is cited as fixing the limit of pun- ishment under the Criminal Code for a misdemeanor, which is by imprisonment in the county jail not more than one year, or by a fine of $500, or by both such fine and imprisonment, and counsel demands, "Can such a pun- ishment be inflicted by a police justice?" The question can be answered emphatically, "No." But it cannot be assumed that the legislature intended such a result. Sec- tion 7435 is a general provision of the Penal Code relat- ing to public crimes, particularly those against the state.

Section 4683, Bal. Code, defines the jurisdiction of justices of the peace in criminal cases as follows:

" . . . they shall also have jurisdiction over all criminal cases coming under any city or town ordinance, and on conviction shall have power to fine the person so offending in any sum not exceeding one hundred dollars."

But the special law applicable to the police justice is found in Session Laws 1899, p. 135, in which act two justices of the peace are provided for each incorporated city of the first class, which may include outlying territory. One of such justices of the peace shall be designated by the mayor of the city as the police justice, and § 3 provides that such justice, in addition to his powers as justice of the peace, "shall have exclusive jurisdiction over all offenses defined by any ordinance of the city, and all other actions brought to enforce or recover any license, penalty, or forfeiture declared or given by such ordinance, and full power and authority to hear and determine all causes, civil or criminal, arising under such ordinance, and to pronounce judgment in accordance therewith in the trials of actions brought for violation of any city ordinance, no jury shall be allowed." This last and special statute, conferring jurisdiction on the justice of the peace for the city, must be controlling, especially in view of the inapplicability of the general statute relative to misdemeanors, cited by counsel. The court cannot adjudge it unconstitutional if by fair construction the intention of the legislature can be found expressed in the special statute. The reasonable conclusion seems to be that the legislature has authorized cities of the first class to, by ordinance, restrain and provide for the punishment of petty and minor offenses, and has provided a court for their cognizance.

The further inquiry then is, does such legislation im-

pair the constitutional right of trial by jury? It would seem from an investigation of the authorities that the summary trial and punishment of such petty offenses has been the custom in England since the declaration of Magna Charta, and almost everywhere in the states throughout the Union since the adoption of constitutions similar to ours, preserving the inviolability of the right of trial by jury. Judge Dillon, Municipal Corporations (4th ed.), § 433, observes:

"Violations of municipal by-laws proper such as fall within the description of municipal police regulations, as for example those concerning markets, streets, waterworks, city officers, etc., and which relate to acts and omissions that are not embraced in the general criminal legislation of the state, the legislature may authorize to be prosecuted in a summary manner by and in the name of the corporation, and need not provide for a trial by jury. Such acts and omissions are not crimes or misdemeanors to which the constitutional right of trial by jury extends."

Sedgwick on Statutes and Constitutional Law, pp. 548, 549, states the rule:

"Extensive and summary police powers are constantly exercised in all of the states of the Union for the repression of breaches of the peace and petty offenses, and these statutes are not supposed to conflict with the constitutional provisions securing to the citizen a trial by jury."

It was observed in *State v. Glenn,* 54 Md. 572:

"The framers of all our constitutions were well acquainted with the history of legislation in regard to the exercise of summary jurisdiction, both in England and in this state, and of the needs of society for summary protection against the vicious, idle, vagrant and disorderly portion of its members; and it is difficult to suppose that, by any provision incorporated in those instruments, it was intended to nullify previous legislation, altogether interdict the use of a long and well-established summary jurisdiction for the protection of society, and thus rad-

ically change and seriously impair the whole police system of the state."

It seems to be conceded in *Callan v. Wilson, supra,* that there was a class of petty or minor offenses not usually embraced in public criminal statutes, and not of the class or grade triable at common law by a jury. The following authorities are pertinent and well considered: *McGear v. Woodruff,* 33 N. J. Law, 213; *People v. Justices,* 74 N. Y. 406; *Byers v. Commonwealth,* 42 Pa. St. 89.

The offense with which the respondent is charged is one peculiarly against the peace and order of the municipality, and comes within the rule announced by the courts in the sister states having constitutional declarations similar to our own. The word "riotous," used in the ordinance, is evidently used in its popular meaning as wanton and boisterous, and has no allusion to the technical crime of riot. It will be observed in the discussion of this question and in an examination of the authorities that the courts look to the nature of the offense, rather than to its designation by name, so that but little profit is found in refining upon the definition of misdemeanors. It is the petty nature of the offense which usage has placed in the jurisdiction of municipalities, and which offenses are not usually designated in the body of the criminal law as public crimes. And, too, the punishment is made to fit the crime. It is limited, and precedents are found where courts have adjudged such ordinances void because the penalty was too severe. The reasons for such summary jurisdiction are numerous and apparent, and the custom almost universally exists, and is consistent with the fullest and completest protection of the most sacred guaranties of the constitution. The penalty affixed by the ordinance in question is less than the limit of $100 fine

authorized by the legislature, as the jurisdiction of the justice of the peace designated as a police justice is herein construed.

The judgment is reversed, with direction to the superior court to quash the writ of prohibition.

ANDERS, DUNBAR and WHITE, JJ., concur.