[No. 11757.  Department Two.  March 25, 1914.]

THE CITY OF SEATTLE, *Respondent*, v. O. P. OLIVER, *Appellant*.[1]

MUNICIPAL CORPORATIONS — ORDINANCES—AMENDMENT.  Upon the amendment of a section of an ordinance fixing the penalty for the violation of the ordinance, the amendment becomes a part of the ordinance, and is substituted for the section amended.

CRIMINAL LAW—PUNISHMENT—POLICE JUSTICE—VIOLATION OF ORDINANCE—PENALTY.  By Rem. & Bal. Code, § 7521, providing that, for the violation of a criminal ordinance, no greater punishment shall be imposed than a fine of one hundred dollars or imprisonment not to exceed thirty days, or by both such fine and imprisonment, it was the intent to authorize police justices to both fine and imprison for the violation of city ordinances providing therefor; hence an ordinance may provide for both fine and imprisonment.

Appeal from a judgment of the superior court for King county, Ronald, J., entered December 13, 1913, upon a trial and conviction of carrying concealed weapons.  Affirmed.

*James A. Snoddy*, for appellant.

*James E. Bradford* and *W. F. Van Ruff*, for respondent.

MOUNT, J.—The appellant was prosecuted in the police court of the city of Seattle, charged with the crime of carrying concealed weapons, in violation of §§ 1 and 3, of ordinance No. 28572, of the city.  He was adjudged guilty by the police court, and was fined $25 and sentenced to imprisonment for five days in the city jail.  He appealed to the superior court

[1]Reported in 139 Pac. 626.

for King county, where he moved to quash the complaint and for his discharge, upon several grounds. This motion was denied, and he was again adjudged guilty and sentenced to pay a fine of $25 and costs, and to be imprisoned for a period of five days. He prosecutes this appeal from that judgment.

Two contentions are made here, first, that § 3 of ordinance No. 28572 was repealed by a later ordinance. The facts in relation to this question are as follows: On December 19, 1911, the city of Seattle passed an ordinance as follows:

"Section 1. It shall be unlawful for any person not a policeman, a peace officer, a person employed in the military or naval forces, or other persons authorized by law to carry firearms or other weapons, to carry or have about his person anywise concealed or hidden from full view any gun, revolver, pistol, . . . while in or upon any street . . . in the city of Seattle. . . .

"Section 3. Any person violating section 1 of this ordinance shall on conviction be fined in any sum not less than twenty-five (25) dollars nor more than one hundred (100) dollars or by imprisonment not to exceed thirty (30) days in jail."

Thereafter, on July 18, 1912, the city passed an ordinance amending section 3 of ordinance No. 28572 as above quoted, to read as follows:

"Any person violating section 1 of this ordinance shall on conviction be punished by a fine in any sum not less than twenty-five dollars ($25), nor more than one hundred dollars ($100), and also by imprisonment not to exceed thirty (30) days in jail."

It is argued by the appellant that, because of the passage of this amending ordinance, § 3 of ordinance No. 28572 was necessarily repealed. This may be so; but the section as amended became a part of ordinance No. 28572, and was substituted for § 3 and took its place as a part of that ordinance.

The appellant contends next, that, because Rem. & Bal. Code, § 7507, subd. 36 (P. C. 77 § 83), provides that the pun-

ishment of all persons charged with violating any of the ordinances of any such city shall in no case exceed the punishment provided by the laws of the state for misdemeanors, and because the laws of the state, at § 2266, provides that, "every person convicted of a misdemeanor for which no punishment is prescribed by any statute in force at the time of conviction and sentence, shall be punished by imprisonment in the county jail for not more than ninety days, or by a fine of not more than two hundred and fifty dollars," that, therefore, the ordinance providing for both fine and imprisonment is void.

There is no doubt that this was the law originally; but, at the session of 1899, Laws 1899, p. 135, a special act of the legislature was passed with reference to police justices for cities of the first class. In discussing this act in *State ex rel. Belt v. Kennan*, 25 Wash. 621, 66 Pac. 62, we said:

"One of such justices of the peace shall be designated by the mayor of the city as the police justice, and § 3 provides that such justice, in addition to his powers as justice of the peace, 'shall have exclusive jurisdiction over all offenses defined by any ordinance of the city, and all other actions brought to enforce or recover any license, penalty, or forfeiture declared or given by such ordinance, and full power and authority to hear and determine all causes, civil or criminal, arising under such ordinance, and to pronounce judgment in accordance therewith in the trials of actions brought for violation of any city ordinance, no jury shall be allowed.' This last and special statute, conferring jurisdiction on the justice of the peace for the city must be controlling, especially in view of the inapplicability of the general statute relative to misdemeanors, cited by counsel. . . . The reasonable conclusion seems to be that the legislature has authorized cities of the first class to, by ordinance, restrain and provide for the punishment of petty and minor offenses, and has provided a court for their cognizance."

After that decision, the legislature of 1903 passed an act amending the act of 1899, and providing as follows:

"That for the violation of a criminal ordinance no greater punishment shall be imposed than a fine of one hundred dollars,

or imprisonment not to exceed thirty days, or by both such fine and imprisonment." Laws of 1903, p. 34; Rem. & Bal. Code, § 7521 (P. C. 287 § 19).

It was clearly the intention of the legislature, by this last amendment, in view of what we said in *State ex rel. Belt v. Kennan, supra,* to authorize police justices to both fine and imprison persons charged with violations of city ordinances which provided such a penalty. The ordinance in question was passed long after the passage of the act of 1903. It seems plain, therefore, that the city was authorized to pass an ordinance providing for both fine and imprisonment, within the limits of Rem. & Bal. Code, § 7521, above referred to.

We find no merit in the appeal, and the judgment is therefore affirmed.

CROW, C. J., PARKER, MORRIS, and FULLERTON, JJ., concur.