[No. 37894.   En Banc.   November 25, 1966.]

THE CITY OF SEATTLE, *Respondent*, v. PHILIP ROHRER, *Petitioner*, ROBERT BEEZER, *Judge Pro Tempore, Municipal Court of Seattle, Respondent.*[*]

*John Patrick Cook* (of *Regal & McDonell*), for petitioner.

*A. L. Newbould, John P. Harris*, and *William L. Parker*, for respondent.

OTT, J.—Philip Rohrer was charged in the municipal court of the city of Seattle with violation of § 21.26.020 of

[*]Reported in 420 P.2d 687.

ordinance No. 91910, as amended by ordinance No. 92153, relating to the operation of a motor vehicle while under the influence of intoxicants or drugs, and with violation of § 21.26.040 of ordinance No. 91910 relating to the operation of a motor vehicle in a reckless manner. The defendant made a request for a jury. The request was denied by the municipal court. An application for a writ of prohibition was filed directly in the Supreme Court by the defendant (petitioner).

This review presents two issues: (1) Does the Supreme Court have original jurisdiction to issue a writ of prohibition to a municipal court, and (2) is RCW 35.20, which authorizes a municipal court to try offenses without a jury, constitutional?

As to (1), Const. art. 4, § 4, provides in part: "The supreme court shall also have power to issue writs of . . . prohibition . . . necessary and proper to the complete exercise of its appellate and revisory jurisdiction."

The functions of a judge of a municipal court are judicial in nature. The office of a writ of prohibition is to restrain the exercise of unauthorized judicial conduct. *State ex rel. Murphy v. Taylor,* 101 Wash. 148, 172 Pac. 217 (1918). This being a power granted to the Supreme Court by the state constitution, it is properly exercised when such a fundamental issue as that of denying a trial by jury in a criminal proceeding is presented.

We find no merit in respondents' contention that the office of a writ of prohibition should not be here exercised by this court.

As to (2), by Laws of 1955, ch. 290, RCW 35.20, the legislature enacted a special statute creating municipal courts in cities with over 500,000 population. The city of Seattle has more than 500,000 population, and its municipal courts function by virtue of this statute.

RCW 35.20.030 provides in part:

The municipal court shall have exclusive original jurisdiction to try violations of all city ordinances . . . . and to pronounce judgment in accordance therewith: *Pro-*

*vided,* That for a violation of the criminal provisions of an ordinance no greater punishment shall be imposed than a fine of five hundred dollars or imprisonment in the city jail not to exceed six months, or both such fine and imprisonment.

RCW 35.20.090 provides in part:

No trial by jury shall be allowed in criminal cases involving violations of city ordinances.

■ Is chapter 290, Laws of 1955, p. 1287, RCW 35.20.090, unconstitutional when it denies a jury trial to a defendant in the municipal court?

We answer the query in the negative. Our decision in *George v. Day, ante* p. 836, 420 P.2d 677 (1966), is determinative of the constitutional issue here presented. For the reasons stated in *George v. Day, supra,* the application for a writ of prohibition is denied, and the cause remanded to the municipal court of the city of Seattle to proceed in accordance with the views expressed herein.

DONWORTH, WEAVER, and HALE, JJ., concur.

HILL, J. (concurring in the result)—I concur in the result of the majority opinion for the same reasons expressed in my concurring opinion in *George v. Day, ante* p. 836, 420 P.2d 677 (1966).

ROSELLINI, C. J., and HAMILTON, J., concur with HILL, J.

FINLEY, J. (dissenting)—For the reasons stated in my dissent in *George v. Day, ante* p. 836, 420 P.2d 677 (1966) I disagree with the majority in the instant case, and I dissent.

HUNTER, J., concurs with FINLEY, J.