[No. 50893–3.   En Banc.   December 6, 1984.]

THE STATE OF WASHINGTON, *Respondent*, v. BROWET,
INC., ET AL, *Appellants*.

*Herrmann, Levenson, Margullis & Buckley,* by *Charles
J. Herrmann* and *Sherilee M. Luedtke,* for appellants.

216

*William H. Griffies, Prosecuting Attorney, Chris Quinn–
Brintnall, Chief Criminal Deputy,* and *Barbara L. Corey–
Boulet, Appellate Deputy,* for respondent.*

DIMMICK, J.—We here decide whether due process man-
dates that a jury trial be afforded under RCW 7.48.080, the
contempt provision of the moral nuisance statute. We hold
that since this statute allows a criminal penalty, Washing-
ton case law requires a jury.

Appellants, Mr. and Mrs. Gallegos, purchased the Dawn
Sauna and World Gift Shop property on a real estate con-
tract from Browet, Inc. Prior to 1980, appellants operated
the Dawn Sauna as a house of prostitution. In October
1980, the Pierce County Prosecutor filed an action under
RCW 7.48 to abate the nuisance created by the sauna and
to permanently enjoin the appellants from operation of the
house of prostitution. As a result of that action, appellants
entered into a voluntary abatement order (injunction).

In that voluntary order, appellants stipulated that they
had created a public nuisance; they further stipulated to a
permanent injunction prohibiting them from engaging in or
maintaining a house of prostitution at the Dawn Sauna.

Subsequently, appellants violated that voluntary injunc-
tion. Upon action by the Pierce County Prosecutor's Office,
appellants again entered into a stipulation and order.
Therein, they stipulated that acts of prostitution had
occurred at the sauna in violation of the first voluntary
injunction. Appellants also agreed that no further acts of
prostitution would occur at the sauna. Lastly, they stipu-
lated that any disobeyance of the injunction would be
grounds for contempt.

In May 1982, the prosecutor brought a contempt action
under RCW 7.48.080 against appellants based on further
alleged acts of prostitution at the sauna. That statute
states:

> In case of the violation of any injunction granted under
> the provisions of RCW 7.48.050 through 7.48.100 . . . the
> court or judge may summarily try and punish the

offender. The proceedings shall be commenced by filing with the clerk of the court an information under oath, setting out the alleged facts constituting such violation, upon which the court or judge shall cause an attachment to issue, under which the defendant shall be arrested. The trial may be had upon affidavits, or either party may demand the production and oral examination of the witnesses. A party found guilty of contempt under the provisions of this section shall be punished by a fine of not less than two hundred nor more than one thousand dollars, or by imprisonment in the county jail not less than three nor more than six months, or by both fine and imprisonment.

Appellants appeared before the court and requested a jury trial. That request was denied by the court, based on the language of RCW 7.48.080, which states the "judge may summarily try" a defendant for contempt. Appellants waived their right to production of witnesses and stipulated to a trial on affidavit only. In a bench trial, the judge found beyond a reasonable doubt that appellants had violated the court orders. Mr. Gallegos was sentenced to 6 months in jail, with 3 months suspended. Mrs. Gallegos was sentenced to 6 months in jail.

Appellants appealed the judgment. The Court of Appeals certified the following question to this court: Whether the constitutional rights of due process are violated by the absence of the right to a jury trial in the contempt provision of the moral nuisance statute?

Contempt proceedings in Washington may be placed into three categories: (1) statutory civil contempt, (2) statutory criminal contempt, and (3) nonstatutory contempt proceedings based on the court's inherent power to control contempt. *Keller v. Keller,* 52 Wn.2d 84, 86, 323 P.2d 231 (1958).

RCW 7.20, the civil contempt statute, provides a mechanism to coerce defendants into compliance with court orders. RCW 7.20.020 provides for a fine of up to $300 and/or 6 months' imprisonment. RCW 7.20.110 provides that imprisonment may last only until the contemnor performs

the acts required by the court. This statute has been interpreted to allow only indeterminate sentences, never solely punitive, fixed jail terms. *State v. Heiner*, 29 Wn. App. 193, 627 P.2d 983 (1981). We affirm that interpretation of the statute.

■ There is an essential difference between civil and criminal contempt. The character of a contempt is determined by the purpose of the proceeding and the purpose of the sanction imposed. *Shillitani v. United States*, 384 U.S. 364, 16 L. Ed. 2d 622, 86 S. Ct. 1531 (1966); *State v. Sanchez*, 4 Wn.2d 432, 104 P.2d 464 (1940). A proceeding, the purpose of which is punitive and which results in a determinate jail sentence, with no opportunity for a defendant to purge himself of the contempt, is criminal. Thus, the contempt is also criminal. *In re Parent*, 112 Wash. 620, 192 P. 947 (1920); *Shillitani v. United States, supra*. A proceeding which results in a coercive or remedial sanction is civil; the contempt is also civil. *Arnold v. National Union of Marine Cooks & Stewards Ass'n*, 41 Wn.2d 22, 246 P.2d 1107 (1952); *Shillitani*, 384 U.S. at 370. Accordingly, no jury is required under RCW 7.20, the civil contempt statute, because the sanction imposed is strictly coercive or remedial. *Keller v. Keller, supra*.

Conversely, the criminal contempt statute, RCW 9.23-.010, makes violations misdemeanors; a jury is required in every case. *State v. Boren*, 42 Wn.2d 155, 253 P.2d 939 (1953); *Keller v. Keller, supra*. If the proceeding is criminal, criminal safeguards apply. *Bloom v. Illinois*, 391 U.S. 194, 20 L. Ed. 2d 522, 88 S. Ct. 1477 (1968).

In addition to the civil and criminal statutes, the Washington courts have an inherent power to punish or remedy contempt. However, a court cannot resort to its inherent power unless the statutory remedies are inadequate in a particular case. *Mead Sch. Dist. 354 v. Mead Educ. Ass'n*, 85 Wn.2d 278, 534 P.2d 561 (1975); *Mathewson v. Primeau*, 64 Wn.2d 929, 395 P.2d 183 (1964).

■ The statute at issue in the present case provides for determinate jail sentences, offering no opportunity to the

contemnor to purge himself of the contempt and be released from jail. The recent case of *Pasco v. Mace,* 98 Wn.2d 87, 653 P.2d 618 (1982) is determinative of the jury issue. In *Pasco,* this court held that any offense for which a determinate jail sentence is authorized is a crime; any crime warrants a jury trial. Here, the appellants were sentenced to 3 and 6 months in jail with no opportunity to be freed through compliance with the court's orders. Such a punitive, noncoercive sentence makes the contempt a crime. Clearly, *Pasco* requires that appellants be afforded a jury trial in the present case.

The result would differ under the federal constitution because not all criminal offenses are considered serious enough to warrant a jury trial. *Cheff v. Schnackenberg,* 384 U.S. 373, 16 L. Ed. 2d 629, 86 S. Ct. 1523 (1966). Any offense with a penalty of 6 months in jail, or less, is considered "petty"; no jury is required. *Bloom v. Illinois, supra.* However, because *Pasco* was decided under the Washington State Constitution, Const. art. 1, § 21, the federal cases to the contrary do not alter the result in Washington.

We therefore hold that RCW 7.48.080 was unconstitutionally applied to appellants. Further, because RCW 7.48-.080 authorizes determinate jail sentences, a jury is required, unless properly waived, in every proceeding under that statute.

Appellants urge this court to go further and hold that RCW 7.48.080 is unconstitutional on its face; they cite *Spokane Arcades, Inc. v. Ray,* 449 F. Supp. 1145 (E.D. Wash. 1978) as authority for that proposition. We disagree that the statute is facially unconstitutional.

█ Legislative acts are presumed to be constitutional. *Crane Towing, Inc. v. Gorton,* 89 Wn.2d 161, 570 P.2d 428, 97 A.L.R.3d 482 (1977). Wherever possible, it is the duty of this court to construe a statute so as to uphold its constitutionality. *Anderson v. Morris,* 87 Wn.2d 706, 558 P.2d 155 (1976).

The court in *Spokane Arcades* did, in dicta, declare RCW 7.48.080 to be unconstitutional to the extent that

"summary punishment" is authorized for indirect contempts. The court itemized several due process protections that must be afforded in an indirect contempt proceeding: notice of the charges, opportunity to be heard, assistance of counsel, and the right to call witnesses. Each of these protections is actually provided by RCW 7.48.080. Thus, despite that court's concern regarding summary punishment, the statute does provide the due process protections articulated.

Nonetheless, today we hold that a jury trial is an additional due process protection which must be provided. Accordingly, we superimpose our case law requirement for a jury trial onto RCW 7.48.080. *See Pasco v. Mace, supra.* So construed, that statute fully meets due process requirements.

■ Finally, appellants contend that because there is insufficient evidence to sustain Mr. Gallegos' conviction, double jeopardy principles prevent his retrial by jury. We cannot agree. Where the sufficiency of evidence is challenged in a criminal case, the appellate court must decide whether any reasonable trier of fact could find the elements of the crime beyond a reasonable doubt. The evidence is viewed most favorably to the prosecution. *State v. Green,* 94 Wn.2d 216, 616 P.2d 628 (1980). After a careful review of the record, we conclude that a reasonable trier of fact could find, beyond a reasonable doubt, that Mr. Gallegos violated the court's orders by failing to fulfill his legal obligation to prevent acts of prostitution on his property.

Appellants' convictions are reversed and the cause is remanded to the trial court for further proceedings consistent with this opinion.

WILLIAMS, C.J., and UTTER, BRACHTENBACH, DOLLIVER, PEARSON, and ANDERSEN, JJ., concur.

DORE, J., concurs in the result.