
IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| STATE OF WASHINGTON, | ) | |
|---|---|---|
| | ) | No. 75445-9-I |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| HASSEN JAMES, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: October 2, 2017 |

SPEARMAN, J. — A defendant's waiver of his jury trial right is valid if it is a personal expression of waiver that is knowing, intelligent, and voluntary. Hassen James indicated his desire to proceed with a bench trial orally and in writing before the trial court informed him that he had the right to twelve jurors selected at random. Because James did not object to this characterization of the jury selection process, and cannot show that it had practical and identifiable consequences in the proceeding, we decline to review this issue. We affirm.

FACTS

Hassen James faced trial on charges of second degree assault, unlawful imprisonment, and witness tampering. At the outset of trial, James's attorney informed the court that the defendant intended to waive his right to a jury trial. While James was clear that "he does wish to proceed without a jury," he also resisted signing a jury waiver. Verbatim Report of Proceedings (VRP) at 7. The

court informed James that "the law requires that I obtain a written jury waiver from you. So if you don't sign it, that's fine. But we're going to have a jury trial."

Id. Eventually, James agreed to sign the jury waiver. The waiver stated:

> My attorney and I have discussed my right to a jury trial. I understand that I have the right to have a jury of 12 decide my case. I further understand that all 12 jurors would have to agree that the elements of the crime(s) with which I have been charged have been proved beyond a reasonable doubt before I could be found guilty. After discussing this right with my attorney, I have decided to waive my right to a jury trial.

Clerk's Papers (CP) at 11. After receiving the signed waiver, the court engaged in the following colloquy:

> THE COURT: Okay. Mr. James, I've received this document entitled Waiver of Jury Trial. Is that your mark on it?
> THE DEFENDANT: Yes.
> THE COURT: Did you – do you understand everything contained in this document?
> THE DEFENDANT: Yes.
> THE COURT: Do you know what a jury trial is?
> THE DEFENDANT: Yes.
> THE COURT: Do you understand, just to make sure, a jury trial means that 12 citizens of King County selected at random would decide whether the prosecutor has proved you guilty beyond a reasonable doubt? Do you understand that?
> THE DEFENDANT: Yes.
> THE COURT: Have you ever had a jury trial before?
> THE DEFENDANT: Yes.
> THE COURT: Okay. So you do know. You wish to give up your right to a jury trial?
> THE DEFENDANT: Yes.
> THE COURT: And you understand that's a final decision, you will not be able to change your mind in the future?
> THE DEFENDANT: Yes.
> THE COURT: I finding a knowing, voluntary and intelligent waiver of the right to a jury trial and this matter will proceed to the bench.

VRP at 8-9.

James was convicted of unlawful imprisonment—domestic violence and fourth degree assault—domestic violence. The court ordered that he pay a $500 Victim's Penalty Assessment (VPA) and a $100 DNA collection fee.

James appeals.

## DISCUSSION

James argues that his jury trial waiver was invalid because the trial court represented that he had the right to twelve jurors selected at random. James contends that this characterization was incorrect because the twelve jurors chosen to decide his case would actually be selected through the voir dire process and not at random. He argues that this alleged misinformation rendered his waiver invalid. The State argues that James did not preserve this issue because he did not object at trial.

Generally, we do not consider arguments raised for the first time on appeal. RAP 2.5(a). But a defendant may appeal a manifest error affecting a constitutional right, even if the issue was not raised before the trial court. RAP 2.5(a)(3). The defendant must identify a constitutional error and show that it had practical and identifiable consequences in the proceeding. State v. Roberts, 142 Wn.2d 471, 500, 14 P.3d 713 (2000).

Every criminal defendant has a constitutional right to a jury trial. State v. Ramirez-Dominguez, 140 Wn. App. 233, 239, 165 P.3d 391 (2007) (citing City of Pasco v. Mace, 98 Wn.2d 87, 653 P.2d 618 (1982)). Our review of a jury trial waiver is de novo. Id. (citing State v. Treat, 109 Wn. App. 419, 427, 35 P.3d 1192 (2001)). A waiver is valid if the defendant acted knowingly, intelligently, and

voluntarily. <u>State v. Castillo-Murcia</u>, 188 Wn. App. 539, 547, 354 P.3d 932 (2015), <u>rev</u>. <u>denied</u>, 184 Wn.2d 1027, 364 P.3d 120 (2016). No colloquy or on-the-record advice as to the consequences is required for waiver of a jury trial; all that is required is a personal expression of waiver from the defendant. <u>State v. Stegall</u>, 124 Wn.2d 719, 725, 881 P.2d 979 (1994) (citing <u>City of Bellevue v. Acrey</u>, 103 Wn.2d 203, 207-08, 691 P.2d 957 (1984)).

James raises an issue affecting a constitutional right, but does not show that it had a practical and identifiable consequence on the proceeding. There is no evidence that the trial court's characterization of the jury selection process impacted James's decision to waive his jury right. To the contrary, James had already signed a written waiver of his jury right indicating that he understood the nature of the right. And he already informed the judge that he understood the waiver document. Because James cannot show that his asserted error impacted his decision to waive his jury right, he cannot show that the error had practical and identifiable consequences on the proceeding. We decline to review this issue under RAP 2.5(a)(3).

<u>Mandatory Fees</u>

For the first time on appeal, James argues that the court unconstitutionally imposed a mandatory $100 DNA collection fee and $500 VPA. James contends that these mandatory fees violate his substantive due process rights because they are not rationally related to a legitimate state interest.

We disagree. First, in <u>State v. Shelton</u>, 194 Wn. App. 660, 675, 378 P.3d 230 (2016), <u>rev</u>. <u>denied</u>, 187 Wn.2d 1002, 386 P.3d 1088 (2017), we held that

this type of challenge is not ripe for review until the State attempts to collect the fee. There is no evidence in the record indicating that the State has sought to collect this debt, so we decline to review the issue.

Even if James' claim were ripe, this court has expressly rejected his due process arguments. In State v. Lewis, 194 Wn. App. 709, 720, 379 P.3d 129, rev. denied, 186 Wn.2d 1025, 385 P.3d 118 (2016), we held that the DNA collection fee is rationally related to a legitimate state interest and therefore does not violate substantive due process. In State v. Seward, 196 Wn. App. 579, 586, 384 P.3d 620 (2016), rev. denied, 188 Wn.2d 1015, 396 P.3d 349 (2017), we reached the same conclusion with respect to the VPA.

Finally, we do not address James' arguments about costs on appeal because the State does not intend to seek those costs.

Affirmed.

WE CONCUR:

_Spearman, J._

_Leach, J._

_Appelwick, J._

5