[No. 51174–8. En Banc. June 6, 1985.]

THE STATE OF WASHINGTON, *Respondent,* v. JOHN W. BOATMAN III, *Appellant.*

THE STATE OF WASHINGTON, *Respondent,* v. MICHAEL DAVID MURRAY, *Appellant.*

*Robert A. Izzo,* for appellants.

*William H. Griffies, Prosecuting Attorney,* and *Chris Quinn–Brintnall, Chief Criminal Deputy,* for respondent.

GOODLOE, J.—This case consolidates two causes of actions brought under the uniform reciprocal enforcement of support act, RCW 26.21 (URESA). Both appellants had repeatedly failed to pay child support and were brought before the court on numerous occasions. After approximately 5 years of not complying with court orders, both appellants were held in contempt and were sentenced to a fixed jail term. Appellant Murray was sentenced to 60 days in jail with credit for 9 days already served while appellant Boatman was sentenced to 10 days in jail. The final written orders finding appellants in contempt did not provide a way for the appellants to purge themselves of the contempt. Both appealed and their sentences were stayed pending the appeal. Per our request, the Court of Appeals, Division Two, filed an order on November 28, 1984, transferring this case from Pierce County Superior Court directly to this court.

The appellants raise a number of issues in their appeal. Since we find their first claim meritorious, we do not discuss their other claims.

Appellants do not contest the fact that they should have been held in contempt for their actions. Instead, they claim

that the trial court did not follow the proper procedure in holding them in contempt. We agree.

In Washington, there are three grounds on which a court can rely when using its contempt powers:

(a) criminal contempt prosecuted under RCW 9.23.010; (b) civil contempt initiated under RCW 7.20.010 *et seq*; and (c) contempt proceedings resulting from the long–exercised power of constitutional courts (1) to punish summarily contemptuous conduct occurring in the presence of the court, (2) to enforce orders or judgments in aid of the court's jurisdiction, and (3) to punish violations of orders or judgments.

*Keller v. Keller,* 52 Wn.2d 84, 86, 323 P.2d 231 (1958). The trial court here did not specify the basis for its contempt orders. We will, however, uphold a finding of contempt even though the trial court did not rely on any particular theory as long as a proper basis can be found. *State v. Heiner,* 29 Wn. App. 193, 627 P.2d 983 (1981). Accordingly, we will determine whether the contempt orders can be upheld on one of the three bases of authority, in light of the procedures followed by the trial court.

### CRIMINAL CONTEMPT

RCW 9.23.010 provides that

Every person who shall commit a contempt of court of any one of the following kinds shall be guilty of a misdemeanor: . . .

(4) Wilful disobedience to the lawful process or mandate of a court; or,

(5) Resistance, wilfully offered, to its lawful process or mandate; . . .

In a criminal contempt proceeding the accused contemnor is entitled to a jury trial. *State v. Heiner, supra.* Here, neither appellant was offered a trial by jury. Since a person cannot waive his or her right to a jury trial by not requesting it, *Seattle v. Crumrine,* 98 Wn.2d 62, 653 P.2d 605

(1982), the trial court's action cannot be upheld on this basis.

CIVIL CONTEMPT

RCW 7.20.010 provides:

The following acts or omissions, in respect to a court of justice or proceedings therein, are deemed to be contempts of court: . . .

(5) Disobedience of any lawful judgment, decree, order or process of the court.

It is clear that the civil contempt statute can be used to coerce a defendant to obey a court order:

When the contempt consists in the omission or refusal to perform an act which is yet in the power of the defendant to perform, he may be imprisoned until he shall have performed it, and in such case the act must be specified in the warrant of commitment.

RCW 7.20.110.

This court has recently held that a court cannot impose a determinate sentence under this section unless the contemnor has an opportunity to purge the contempt through compliance with the court order. *State v. Browet, Inc.*, 103 Wn.2d 215, 691 P.2d 571 (1984). The reason for this is that imprisonment under the civil contempt statute must contain an element of coercion. *State v. Heiner, supra.* Here, there was no element of coercion. The final written contempt orders for both appellants did not contain a purging clause.

The State, not in its brief but during oral argument, asserted that both appellants were given an opportunity to purge themselves of the contempt order during the show cause hearing. There are two flaws in the State's argument. First, the record fails to disclose that the trial court offered the appellants the opportunity to purge their contempt. Second, the opportunity to purge must be found in the written order itself. The civil contempt statute requires that if a person is to be imprisoned until he performs an

act, "the act must be specified in the warrant of commitment." RCW 7.20.110. Here, the act to be performed was not specified in the final order. Consequently, the contempt orders cannot be upheld under the civil statute.

## INHERENT POWER

■ The inherent power of the court to hold a person in contempt can be used to enforce orders or judgments in aid of the court's jurisdiction and to punish violation of orders or judgments. *Keller v. Keller, supra.* There are two limitations that prohibit the inherent power basis from being used to justify the trial court's contempt orders. First, before the inherent power of the court can be used, the court must determine that reliance on the statutory basis would be inadequate. *State v. Browet, Inc., supra.* Here, the trial court did not find that the statutory basis would be inadequate. Nor could it. The sentences imposed on appellants (Murray—51 days; Boatman—10 days) could have been imposed under RCW 9.23 where a maximum of a 90-day sentence is authorized. RCW 9.92.030.

■ Due process also prohibits the inherent power basis to justify the trial court's actions. The contempt orders here were punitive since they did not give the appellants an opportunity to purge themselves. A punitive contempt order is a criminal proceeding. As such, due process protections are required. *State v. Browet, Inc., supra.* Here, the appellants were not afforded a jury trial and they did not waive their right to a jury.

In conclusion, we hold that there are two basic categories of contempt orders: coercive and punitive. If a contempt order is coercive, then the final written order must contain a purging clause. If a contempt order is punitive, then the contemnor is entitled to the opportunity to be tried by a jury. (If the contemptible action occurs during the course of a judicial proceeding, then it may be punished summarily. RCW 7.20.010(1), (2).) Since neither appellant was offered the opportunity to purge himself of the contempt or the opportunity to be tried by a jury, we reverse the trial

court's contempt orders.

DOLLIVER, C.J., and UTTER, BRACHTENBACH, DORE, PEARSON, ANDERSEN, CALLOW, and DURHAM, JJ., concur.