# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

2017 JAN -9 AM 8:55

| | | |
|---|---|---|
| In the Matter of the Parenting and Support of | ) ) ) | No. 74221-3-I |
| BAINYA SHAY, Child. | ) ) | DIVISION ONE |
| THOMAS O. BAICY, | ) ) | UNPUBLISHED OPINION |
| Appellant, | ) ) | |
| and | ) ) | |
| DANELLE M. SHAY, | ) ) | |
| Respondent. | ) ) ) | FILED: January 9, 2017 |

LEACH, J. — Thomas Baicy appeals trial court decisions finding him in contempt for violating a parenting plan and failing to pay child support and ordering him to pay attorney fees. Because the trial court did not abuse its discretion, we affirm. But because Baicy raises a debatable issue on appeal, we deny respondent Danelle Shay's request for sanctions.

## Background

Baicy and Shay are the parents of a daughter, Bainya, born in 2005. The parenting plan provides that Baicy take Bainya on the first, third, and fourth weekends of each month. After taking Bainya the weekend of November 7, 2014, Baicy also took Bainya the weekend of November 14.

In addition, a 2011 child support order requires Baicy to pay Shay $402.93 per month. As of November 2014, Baicy had paid less than $400.00 that year.

That month, Shay asked the trial court to find Baicy in contempt of the trial court's orders in failing to pay child support and violating the parenting plan's weekend allocation provision. The trial court ordered Baicy to appear and show cause why he should not be found in contempt on both accounts.

The parties and the trial court repeatedly delayed holding a contempt hearing. The trial court originally set a December 2, 2014, date. The parties agreed to continue the hearing to January 27, 2015, in part so that Baicy could find a lawyer. When Baicy did not appear on that date, the trial court issued a bench warrant for his arrest. On July 15, 2015, the trial court quashed that warrant because Baicy agreed to attend a contempt hearing two weeks later. A court commissioner finally held the contempt hearing on July 29, 2015.

The commissioner ruled for Shay on several points. Using Baicy and Shay's practice of counting weekends, he found that November 14-16 was the second weekend of November, not the third, and that Baicy was thus in contempt. And he found that Baicy had not fulfilled his child support obligations or produced evidence to support his defense that he lacked the ability to pay. The commissioner awarded attorney fees and costs to Shay and her attorney, Richard Cassady. The trial court affirmed these rulings and denied Baicy's motion for revision.

-2-

Baicy appeals the trial court's orders finding him in contempt for violating the parenting plan and failing to pay child support. He also appeals the trial court's award of attorney fees and costs to Shay.

Standard of Review

We review the meaning of a court order de novo. We review a trial court's factual decisions in a contempt proceeding for abuse of discretion.[1] We will affirm a contempt finding "even though the trial court did not rely on any particular theory as long as a proper basis can be found."[2] When the trial court weighs competing documentary evidence to make credibility determinations about bad faith, we review those findings for substantial evidence.[3] We interpret parenting plans and child support orders de novo as questions of law.[4] Also, we review whether a party is entitled to recover any attorney fees as an issue of law de novo.[5] Although we are mindful that Baicy and Shay are acting pro se, we hold self-represented litigants to the same standard as attorneys.[6]

Analysis

Contempt of Parenting Plan

Baicy asserts that the trial court misinterpreted the parenting plan in finding that it requires the parties to count weekends by Fridays. We affirm the trial court's interpretation.

[1] In re Marriage of James, 79 Wn. App. 436, 439-40, 903 P.2d 470 (1995).
[2] State v. Boatman, 104 Wn.2d 44, 46, 700 P.2d 1152 (1985).
[3] In re Marriage of Rideout, 150 Wn.2d 337, 351-52, 77 P.3d 1174 (2003); In re Marriage of Mattson, 95 Wn. App. 592, 599, 976 P.2d 157 (1999).
[4] In re Marriage of Cota, 177 Wn. App. 527, 534, 312 P.3d 695 (2013); Kirshenbaum v. Kirshenbaum, 84 Wn. App. 798, 803, 929 P.2d 1204 (1997).
[5] Ethridge v. Hwang, 105 Wn. App. 447, 460, 20 P.3d 958 (2001).
[6] In re Marriage of Olson, 69 Wn. App. 621, 626, 850 P.2d 527 (1993).

-3-

We strictly interpret an order providing the basis for contempt proceedings.[7] Where an order is ambiguous, we use general rules of construction that apply to statutes, contracts, and other writings to determine the intent of the court that entered the original order.[8] We thus discern this order's meaning both from its plain language and using the context rule: we view the document as a whole, including its subject matter and objective, the circumstances surrounding its making, the parties' subsequent acts and conduct, "'and the reasonableness of respective interpretations advocated by the parties.'"[9]

Here, the commissioner found that since May 2011 both Baicy and Shay followed the practice of counting weekends by Fridays. The commissioner and trial court interpreted the otherwise ambiguous weekend provision of the parenting plan in light of that practice. In denying Baicy's motion to revise the contempt order, the trial court also found that Baicy's argument was not credible because Baicy had also taken Bainya on the previous weekend, meaning that under either counting method he took Bainya on Shay's weekend with her.

Baicy asserts that the parenting plan does not describe the practice of counting weekends by Fridays, so his violation of that practice cannot support a contempt finding. He also challenges the trial court's reasoning that Baicy was in contempt either on the November 7 or November 14 weekends because Shay did not raise this argument until

---

[7] Graves v. Duerden, 51 Wn. App. 642, 647, 754 P.2d 1027 (1988).
[8] In re Marriage of Chavez, 80 Wn. App. 432, 435-36, 909 P.2d 314 (1996).
[9] In re Marriage of Litowitz, 146 Wn.2d 514, 528, 48 P.3d 261 (2002) (internal quotation marks omitted) (quoting Scott Galvanizing, Inc. v. Nw. EnviroServices, Inc., 120 Wn.2d 573, 580-81, 844 P.2d 428 (1993)).

her reply in support of the motion. Baicy also alleges, without citing evidence, that Shay consented to him taking Bainya the November 7 weekend.

We need not decide if the trial court would be justified in finding Baicy in contempt for taking Bainya on a weekend other than the one Shay named in her contempt motion. Like the rest of the parties' conduct after the trial court entered the parenting plan, Baicy taking Bainya for the November 7 weekend is among the circumstances we can consider in interpreting the parenting plan and the reasonableness of the parties' different interpretations.[10]

Interpreting the parenting plan de novo, we agree with the trial court's conclusions. The plain language of the weekend provision is ambiguous. That provision states that Bainya "will reside with or be with [Baicy]: from the time school lets out (or 4:00 p.m. if school not in session) Friday until school resumes (or 8:00 a.m. if school not in session) Monday the first, third, and fourth weekends." Webster's defines "weekend" as "the end of the week : the period between the close of one working or business or school week and the beginning of the next (as from Friday evening to Monday morning or from Saturday evening to Tuesday morning)."[11] The term's context within the provision indicates that the court intended a weekend to mean the period from Friday afternoon to Monday morning. This does not resolve what the court meant by the "first, third, and fourth weekends," however, since many single weekends fall into two months. Baicy's proposed interpretation—that a weekend is Saturday and Sunday—would suffer from the

---

[10] See Litowitz, 146 Wn.2d at 528.
[11] WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2592 (2002).

same imprecision. Because the provision is ambiguous, we interpret it using the context rule.[12]

Applying that rule, we agree with the shared conclusion of the commissioner and the trial court. Baicy does not contest that the parties' practice since at least September 2012 has been to count weekends by Fridays.[13] This practice indicates that Baicy and Shay shared an understanding of the parenting plan's meaning; if Baicy sincerely had a different understanding, he should have asked the court for guidance rather than keeping his daughter two consecutive weekends—a result not permitted under any interpretation of the parenting plan. The commissioner properly considered that "pattern of practice" in interpreting the weekend provision.[14] In light of this practice as well as the phrase's plain language, the most reasonable interpretation of the "first, third, and fourth weekends" is the weekends beginning on the first, third, and fourth Fridays of the month.

Baicy also contends that the trial court lacked the authority to hold a hearing in July 2015 on Shay's November 2014 contempt motion. Baicy provides no relevant authority to support his argument that the trial court lacked personal jurisdiction over him. We therefore decline to consider it.[15] Baicy also cites no support for his assertion that the eight-month period was "beyond the time permitted by law." Instead, the record shows that Baicy's own actions caused the delay in the hearing.

---

[12] In re Marriage of Thompson, 97 Wn. App. 873, 878, 988 P.2d 499 (1999); see Berg v. Hudesman, 115 Wn.2d 657, 667, 801 P.2d 222 (1990).

[13] Shay dates the practice to the orders the trial court entered after trial in May 2011. Baicy points out that the final parenting plan has been in place only since September 2012. This distinction does not affect our analysis.

[14] See Litowitz, 146 Wn.2d at 528.

[15] We need not consider arguments not supported by citation to pertinent authority. Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

Because the trial court had the authority to hold the contempt hearing and did not misinterpret the parenting plan, its contempt order was not a manifest abuse of discretion. We affirm the order finding Baicy in contempt for taking Bainya for the weekend of November 14, 2014.

Contempt of Child Support Order

Baicy also challenges the order finding him in contempt for failing to pay child support, claiming that he lacked the ability to comply.

To find a parent in contempt of a parenting plan or child support order, the trial court must make a specific finding of bad faith.[16] Where a parent asserts as a defense that he or she cannot comply with a support order, the parent must "establish that he or she exercised due diligence in seeking employment, in conserving assets, or otherwise in rendering himself or herself able to comply with the court's order."[17]

Here, substantial evidence supports the trial court's finding that Baicy failed to establish his inability to pay child support. The trial court found that Baicy was not credible in claiming that he could not comply with the child support order. The trial court was in the best position to make that evaluation.[18] Baicy points to no evidence that he used "due diligence" to seek employment or otherwise become able to pay. Nor does he point to any evidence to rebut the trial court's finding that he failed to provide complete financial records. Instead, the record supports the trial court's observations of numerous gaps in

---

[16] RCW 26.09.160(2)(b).
[17] RCW 26.18.050(4).
[18] Rideout, 150 Wn.2d at 351.

the documentation he provided.[19] We affirm the order finding Baicy in contempt of the child support order.

Alleged Counterclaims

Next, Baicy asserts that the trial court should have decided claims Baicy made in his response to Shay's contempt motion. We disagree.

Baicy alleged in his response that Shay and Cassady had brought a frivolous motion and asked that the trial court sanction them.[20] Baicy contends this was a compulsory counterclaim.[21] Baicy also alleged other claims unrelated to Shay's contempt motion: that Shay should be held in contempt for using the vacation provision of the parenting plan in bad faith and that the trial court should modify the plan.[22] He asserts that these are permissive counterclaims.[23]

The allegations Baicy made in his response were not counterclaims as Shay's motion was not a pleading to which the rules about counterclaims apply.[24] His claims are not properly before this court on appeal. The trial court orders that Baicy appealed define the scope of our review.[25] Those orders did not address the claims Baicy now asserts. We therefore decline to address those claims.

---

[19] For example, Baicy's financial declaration claimed $4,504.84 in total monthly household expenses, but the expenses he listed add up to only $2,204.34. And the bank account records Baicy provided showed numerous transfers to a Visa card account, but he provided no records for that account.

[20] Baicy based this claim on the bare assertion that Shay and Cassady "should have known" that November 14-16 was the third weekend of the month.

[21] See CR 13(a).

[22] This claim asserted that Shay abuses the provision and does not give reasonable advance notice about "vacations" with Bainya.

[23] See CR 13(b).

[24] See CR 13(a), (b); CR 7(a).

[25] RAP 2.4(a).

Moreover, a May 2012 order requires Baicy to seek advance permission from the trial court before filing claims. The record contains no indication that Baicy received this permission before asserting the claims he now asserts. And Baicy's claim that applying the advance permission order to his contempt motion response would "shackle [his] due process right[s]" lacks merit as none of the claims Baicy asserted in his response to the contempt motion were defenses.

Attorney Fees in Child Support Proceeding

When the trial court finds that a parent has violated a child support order in bad faith, "the court shall find the parent in contempt of court."[26] And "the court shall order" the contemnor to pay the other parent's attorney fees and costs.[27]

The trial court here ordered Baicy to pay Shay's attorney fees and costs for Cassady's work as her attorney.

Baicy does not contest that the statute requires, upon a finding of contempt, that the trial court order the parent in contempt to pay attorney fees and costs. He instead asserts that Washington courts should recognize an exception to this rule restricting attorney fees when the attorney providing the legal services is in an intimate relationship with the party.

Baicy's legal argument lacks merit. Baicy relies on two cases interpreting federal law. In one, the United States Supreme Court held that a statute that allows attorneys enforcing civil rights statutes to recover attorney fees does not allow pro se litigants who

---

[26] RCW 26.09.160(2)(b).
[27] RCW 26.09.160(2)(b)(ii).

are attorneys to recover fees.[28] In the other, the Fourth Circuit applied the judicially created "special circumstances" doctrine and held that the Individuals with Disabilities Education Act (IDEA)[29] does not allow parents of a disabled child to recover attorney fees for representing their child in IDEA proceedings.[30]

These federal cases do not support Baicy's broad proposition that Washington courts should prohibit attorney fees when the attorney represents "a person with whom the attorney bears a close relation." The Fourth Circuit noted that "[c]ourts have universally recognized that this 'special circumstances' exception is very 'narrowly limited.'"[31] We see no reason to adopt and apply that narrow rule to this case in the broad manner Baicy promotes. Nothing in the statutory scheme or Washington case law supports this result. The trial court thus did not abuse its discretion in awarding Shay attorney fees and costs.

## Appellate Fees under RAP 18.9

Shay asks for sanctions for having to respond to a frivolous appeal. An appeal is frivolous "if the appellate court is convinced that the appeal presents no debatable issues upon which reasonable minds could differ and is so lacking in merit that there is no possibility of reversal."[32] We consider the record as a whole and resolve all doubts against finding an appeal frivolous.[33]

---

[28] Kay v. Ehrler, 499 U.S. 432, 111 S. Ct. 1435, 113 L. Ed. 2d 486 (1991) (interpreting 42 U.S.C. § 1988).
[29] 20 U.S.C. §§ 1400-1487.
[30] Doe v. Bd. of Educ. of Baltimore County, 165 F.3d 260 (4th Cir. 1998).
[31] Doe v. Bd. of Educ., 165 F.3d at 264.
[32] In re Marriage of Foley, 84 Wn. App. 839, 847, 930 P.2d 929 (1997).
[33] Delany v. Canning, 84 Wn. App. 498, 510, 929 P.2d 475 (1997).

Applying this standard, we deny Shay's request for sanctions. While we reject Baicy's arguments, he presents a debatable argument for extending a narrow principle of federal law to overturn the attorney fees award.

## Conclusion

The trial court correctly interpreted the parenting plan and thus did not abuse its discretion in finding Baicy in contempt of that plan. Because substantial evidence supported the trial court's factual conclusions about Baicy's ability to pay, the trial court also did not abuse its discretion in finding him in contempt of the child support order. Baicy's remaining arguments also lack merit. We affirm.

_Leach, J._

WE CONCUR:

_Trickey, A.C.J._          _Mann, J._