# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| SHARON DOERR, | No. 51222-0-II |
| Respondent, | |
| and | |
| RANDALL BECK, and CITY OF LONGVIEW, | |
| Plaintiffs. | |
| v. | |
| DEL RAY PROPERTIES, INC., a Washington corporation, | UNPUBLISHED OPINION |
| Appellant. | |

MELNICK, P.J. — Sharon Doerr, a tenant of Del Ray Properties, Inc.'s mobile home park in the City of Longview, obtained a preliminary injunction requiring Del Ray to pay and remain current on its utility bills with the City. Del Ray appeals the trial court's order finding it in contempt for failing to comply with the preliminary injunction. We reverse the contempt order because the trial court exceeded its authority when it ordered punitive contempt sanctions.

FACTS

Del Ray owned a mobile home park in Longview.[1]  A single water meter calculated total water usage of all the units in the park.  Del Ray included the costs for water, sewage, and garbage utilities in the monthly rent it charged its tenants.

On July 26, 2017, the City delivered a water shut-off notice to each Del Ray tenant.  The notice stated that Del Ray's water bill was past due with a final due date of July 31.  On August 7, Doerr, a tenant at the park, filed a complaint for declaratory and injunctive relief against Del Ray.  She alleged that Del Ray knowingly and willfully failed to pay the City utility bills, causing the City to plan to turn off water and garbage service.  She also filed a motion for a preliminary injunction ordering Del Ray to immediately pay its utility bills to the City.

On August 9, the court granted Doerr's motion and entered a preliminary injunction ordering Del Ray to pay its outstanding water bill and to continue paying its bills as they came due during the lawsuit.  On August 28, Doerr moved for an order to show cause why Del Ray should not be held in contempt for violating the preliminary injunction by failing to remain current on its water bills.

After a hearing, the court found that Del Ray had willfully refused to abide by its August 9 order.[2]  It found that Del Ray "[c]ontinued not to pay even though on August 10, 2017, a past due notice was generated for the amount of $5,596.65 with a final date for payment of August 22,

---

[1] This case also involved unpaid water bills to an additional park, subject to a similar lawsuit and preliminary injunction initiated by Randall Beck.  Though the trial court consolidated these cases, the contempt order at issue concerns only violations of the Doerr injunction.  We do not discuss Beck's case further.

[2] At the hearing, the court asked Doerr's lawyer whether the purpose of the sanctions was "to coerce compliance or punish for not following [the] order?"  Clerk's Papers at 200.  The record does not include the lawyer's response.

2017." Clerk's Papers (CP) at 152. As of October 4, 2017, the court found that the past due $5,596.65 had not been paid.

The court granted Doerr's motion for contempt and ordered, "as a punitive sanction," that Del Ray "pay $3,300.00 to Plaintiff, Sharon Doerr, by no later than Friday November 3, 2017." CP at 152. It calculated this sanction by assessing $100 per day of noncompliance for 33 days. The court also ordered that Del Ray remit costs and fees to Doerr totaling $2,674.00.[3] Del Ray appeals.

## ANALYSIS

Del Ray contends that the trial court erred by ordering punitive sanctions against it because to do so was beyond its authority. Doerr concedes the trial court "did not follow procedures when it issued punitive sanctions." Br. of Resp't at 3. We agree.

"Contempt of court" includes the "[d]isobedience of any lawful judgment, decree, order, or process of the court." RCW 7.21.010(1)(b). "Whenever it shall appear to any court granting a restraining order or an order of injunction . . . that any person has willfully disobeyed the order after notice thereof, such court shall award an attachment for contempt against the party charged, or an order to show cause why it should not issue." RCW 7.40.150.

We review a trial court's decision on a contempt of court motion for abuse of discretion. *Weiss v. Lonnquist*, 173 Wn. App. 344, 363, 293 P.3d 1264 (2013). However, "[a] court's authority to impose sanctions for contempt is a question of law, which we review de novo." *In re Interest of Silva*, 166 Wn.2d 133, 140, 206 P.3d 1240 (2009).

---

[3] The court ordered that the fees and costs should be paid to Northwest Justice Project which represented Doerr.

"There are two forms of statutory contempt sanctions, remedial and punitive." *State v. Sims*, 1 Wn. App. 2d 472, 479, 406 P.3d 649 (2017), *reversed in part on other grounds by State v. Sims*, 193 Wn.2d 86, 441 P.3d 262 (2019). "Remedial," or "coercive," sanctions are intended "to coerce a party to comply with a court order." *Sims*, 1 Wn. App. 2d at 479. Punitive sanctions are "imposed to punish a past contempt of court for the purpose of upholding the authority of the court." RCW 7.21.010(2). A court may only order punitive sanctions if "the contemptuous act occurred in the presence of a judge certifying the same," or the State pursues criminal charges. *Sims*, 1 Wn. App. 2d at 480; *see* RCW 7.21.040.

RCW 7.21.030(2) provides that remedial contempt sanctions may include coercive imprisonment, forfeiture of up to $2,000 per day the contempt continues, or other orders designed to ensure compliance or remedy the contempt. The court may also "order a person found in contempt of court to pay a party for any losses suffered by the party as a result of the contempt and any costs incurred in connection with the contempt proceeding, including reasonable attorney's fees." RCW 7.21.030(3). RCW 7.21.040 and 050 provide the means for courts to impose punitive contempt sanctions.

Remedial contempt orders "'must contain a purge clause under which a contemnor has the ability to avoid a finding of contempt and/or incarceration for non-compliance.'" *In re Application by Rapid Settlements, Ltd., for Approval of Transfer of Structured Settlement Payment Rights*, 189 Wn. App. 584, 613, 359 P.3d 823 (2015) (quoting *State ex rel. Shafer v. Bloomer*, 94 Wn. App. 246, 253, 973 P.2d 1062 (1999)). No court "may impose criminal contempt sanctions unless the contemnor has been afforded the same due process rights afforded other criminal defendants." *In re Interest of J.L.*, 140 Wn. App. 438, 448, 166 P.3d 776 (2007). These include "the initiation of

criminal action by filing of charges by the prosecutor, assistance of counsel, privilege against self-incrimination, and proof beyond a reasonable doubt." *J.L.*, 140 Wn. App. at 448.

The trial court in this case granted Doerr's motion for contempt and ordered that, "as a punitive sanction, [Del Ray] shall pay $3,300.00 to [Doerr]" and "remit costs and fees" in the amount of $2,674. CP at 152. The court did not cite a statute in its order.

Although the trial court could have held Del Ray in contempt for its failure to comply with the preliminary injunction, the punitive contempt order overreached the trial court's civil contempt authority. To order "punitive" sanctions, as the court did, it would have had to exercise its criminal authority and afford Del Ray all the rights of a criminal defendant. Emphasizing that the contempt was punitive in this case, the order did not provide Del Ray any way to purge the contempt by complying with the injunction.

Doerr urges us to uphold the contempt order on alternative grounds by finding an adequate basis for a remedial sanction and interpreting Del Ray's subsequent payment as its method of purging the contempt. We decline this invitation. To interpret a clear punitive contempt order as remedial or to read a nonexistent purge clause into it would change the character of the trial court's order. Although we may uphold a finding of contempt "as long as a proper basis can be found," *State v. Boatman*, 104 Wn.2d 44, 46, 700 P.2d 1152 (1985), remedial and punitive contempt sanctions are fundamentally different and serve different purposes. We decline to uphold the trial court's contempt order on a basis the trial court did not find with a purge condition it did not order.

Because we conclude the trial court improperly issued a punitive contempt order, and we do not rewrite the order as a remedial contempt order, we also conclude it did not have authority to order costs and fees. Those are only available as a remedy when a court makes a finding of remedial contempt. RCW 7.21.030(3).

Doerr also requests attorney fees on appeal pursuant to RAP 18.1. Because we rule in favor of Del Ray and reverse the trial court's contempt order, we deny Doerr's request.

We reverse the trial court's contempt order.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Melnick, P.J.

We concur:

_____
Sutton, J.

_____
Glasgow, J.