IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Marriage of: | ) | |
| | ) | No. 39693-2-III |
| EUGENE ALLEN CRAMER, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| and | ) | UNPUBLISHED OPINION |
| | ) | |
| JENNIFER NICOLE CRAMER, | ) | |
| | ) | |
| Appellant. | ) | |

COONEY, J. — Jennifer Cramer was found in contempt after she failed to comply with a court-ordered parenting plan. The superior court ordered a suspended 14-day jail term to coerce Ms. Cramer's compliance with the parenting plan and ordered her to pay Eugene Cramer $1,000 in attorney fees.

Ms. Cramer appeals. Finding no error, we affirm.

No. 39693-2-III
*In re Marriage of Cramer*

BACKGROUND[1]

Mr. Cramer and Ms. Cramer have four children. On March 15, 2022, a temporary parenting plan granted Mr. Cramer primary residential placement of the children and afforded Ms. Cramer time with the children every other weekend. On February 19, 2023, Ms. Cramer returned three of the four children to Mr. Cramer. Two days later, Mr. Cramer picked up the remaining child from a therapy appointment. The child fled shortly after arriving at Mr. Cramer's home. Mr. Cramer caught up to the child and convinced her to return home. However, Ms. Cramer arrived in her vehicle and departed with the child. Thereafter, Ms. Cramer withheld the child from Mr. Cramer, taking her to and from school each day. The child resided with Ms. Cramer from February 21 until at least March 2, 2023, when Mr. Cramer filed a motion for contempt.

In his motion for contempt, Mr. Cramer requested that the court order Ms. Cramer to immediately return the child and order a 14-day jail term to coerce her compliance with the parenting plan. In support of his request, Mr. Cramer directed the court to a February 28, 2023 order in which Ms. Cramer was found in contempt for habitually

[1] The record before us is limited. It includes the report of proceedings from a motion for contempt hearing on March 28, 2023, Mr. Cramer's motion for contempt and declaration in support of the motion, Ms. Cramer's declaration in response to the motion, Mr. Cramer's declaration in reply, an order on contempt, and Ms. Cramer's notice of appeal. The parties cite to hearings and documents not made part of the limited record.

2

returning the children to Mr. Cramer late and for not allowing Mr. Cramer to pick the children up at his scheduled time.

The court heard Mr. Cramer's motion for contempt on March 28, 2023. Both parties appeared with their attorneys at the hearing. After considering the declarations and arguments, the trial court found Ms. Cramer had the ability to follow the parenting plan, had intentionally failed to comply with the parenting plan by not returning the child to Mr. Cramer, and that Ms. Cramer's intentional disregard of the parenting plan amounted to bad faith. The court ordered Ms. Cramer to pay $1,000 in attorney fees and to serve 14 days in the Benton County Jail. However, the court suspended the jail time on the condition that Ms. Cramer immediately return the child to Mr. Cramer. The court set a compliance review hearing for April 11, 2023.

Ms. Cramer timely appeals.

ANALYSIS

On appeal, Ms. Cramer asserts the trial court abused its discretion when it: (1) failed to inform her of the right to assigned counsel, (2) entered a contempt finding against her, (3) ordered jail time as a sanction, and (4) reinstated a restraining order. We disagree with her first three arguments, decline to review the fourth, and award Mr. Cramer attorney fees on appeal.

A court "abuses its discretion when it acts on untenable grounds or its ruling is manifestly unreasonable." *State v. Gaines*, 194 Wn. App. 892, 896, 380 P.3d 540 (2016).

3

This is a very deferential standard. *Hoffman v. Kittitas County*, 4 Wn. App. 2d 489, 495, 422 P.3d 466 (2018). A "decision is based 'on untenable grounds' or made 'for untenable reasons' if it rests on facts unsupported in the record or was reached by applying the wrong legal standard." *State v. Rohrich*, 149 Wn.2d 647, 654, 71 P.3d 638 (2003) (quoting *State v. Rundquist*, 79 Wn. App. 786, 793, 905 P.2d 922 (1995)). A "decision is 'manifestly unreasonable' if the court, despite applying the correct legal standard to the supported facts, adopts a view 'that no reasonable person would take,' and arrives at a decision 'outside the range of acceptable choices.'" *Rohrich*, 149 Wn.2d at 654 (quoting *State v. Lewis*, 115 Wn.2d 294, 298-99, 797 P.2d 1141 (1990); *Rundquist*, 79 Wn. App. at 793).

RIGHT TO ASSIGNED COUNSEL

Ms. Cramer contends the trial court abused its discretion when it failed to advise her of her constitutional right to be represented by an attorney at public expense at the contempt hearing.

"[W]herever a contempt adjudication may result in incarceration, the person accused of contempt must be provided with state-paid counsel if he or she is unable to afford private representation." *Tetro v. Tetro*, 86 Wn.2d 252, 255, 544 P.2d 17 (1975).

Here, Ms. Cramer alleges that she appeared pro se before a court commissioner on March 2, 2023. Br. of Appellant at 5-6. At the purported hearing, Ms. Cramer claims she was not advised of her right to be assisted by court-appointed counsel. Fatal to Ms.

4

Cramer's protestation is the absence of any record showing that a hearing occurred on March 2 or that she was indigent and entitled to an attorney at public expense. Also detrimental to her argument is the fact that she was represented by an attorney at the contempt hearing. Indeed, it would have been futile for the court to inform Ms. Cramer that she had the right to an attorney as she appeared at the hearing with an attorney.

Ms. Cramer was not deprived of the right to counsel at the contempt hearing. Thus, the trial court did not err when it failed to advise her of the right to an attorney.

FINDING OF CONTEMPT

Ms. Cramer argues the trial court abused its discretion when it found her in contempt.

We review a trial court's finding of contempt for an abuse of discretion. *In re Marriage of Pennington*, 142 Wn.2d 592, 602-03, 14 P.3d 764 (2000). Challenges to a trial court's findings of fact are reviewed under the substantial evidence standard. *In re Dependency of Schermer*, 161 Wn.2d 927, 940, 169 P.3d 452 (2007). "Substantial evidence exists if, when viewing the evidence in the light most favorable to the prevailing party, a rational trier of fact could find the fact more likely than not to be true." *In re Welfare of X.T.*, 174 Wn. App. 733, 737, 300 P.3d 824 (2013). Unchallenged findings of fact must be accepted as verities on appeal. *State v. Stenson*, 132 Wn.2d 668, 697, 940 P.2d 1239 (1997). We will not reweigh evidence or reassess witness credibility on appeal. *Id.* Legal conclusions flowing from the court's findings of fact are reviewed de

novo. *Conway Constr. Co. v. City of Puyallup*, 197 Wn.2d 825, 830, 490 P.3d 221 (2021).

Relevant to this appeal, contempt of court is the intentional disobedience of any lawful order. RCW 7.21.010(1)(b). In the context of parenting plans, there must also be evidence that the parent's failure to comply with an order was done in bad faith. RCW 26.09.160(2)(a). When a parent "fails to make reasonable efforts to require the child to comply with the parenting plan and a court-ordered residential time, such parent may be deemed to have acted in 'bad faith.'" *In re Marriage of Rideout*, 150 Wn.2d 337, 356-57, 77 P.3d 1174 (2003).

Ms. Cramer claims the actions of Mr. Cramer and their child contributed to her inability to follow the parenting plan. Because she does not assign error to any of the trial court's findings of fact, the findings are verities on appeal. Consequently, we presume Ms. Cramer is challenging whether the court's findings support its conclusion that she was in contempt.

The trial court found that: (1) Ms. Cramer was "able to follow the [parenting plan] but [was] not willing to follow the parenting plan;" (2) despite returning the other three children to Mr. Cramer's care, Ms. Cramer intentionally kept the fourth child from him; (3) Mr. Cramer "was not allowed at [Ms. Cramer's] apartment to pick up the children;" and (4) Ms. Cramer "act[ed] in bad faith by intentionally ignoring the parenting plan."

6

Clerk's Papers (CP) at 20.  These findings support the trial court's conclusion of contempt.

SANCTION OF JAIL TIME

Ms. Cramer asserts the trial court abused its discretion when it ordered her to serve jail time.

Civil contempt may be used to coerce a party to follow the orders of the court. *State v. Boatman*, 104 Wn.2d 44, 47, 700 P.2d 1152 (1985).  In domestic relations cases, the court may order a parent to be imprisoned in the county jail "if the parent is presently able to comply with the provisions of the court-ordered parenting plan and is presently unwilling to comply."  RCW 26.09.160(2)(b)(iii).

The trial court had entered an order of contempt on February 28 against Ms. Cramer for the same behavior that brought her before the court on March 28.  Because the first order of contempt was insufficient to gain Ms. Cramer's compliance with the parenting plan, the court leveraged a suspended 14-day jail term to coerce her compliance.  The court's order was not based on untenable grounds or made for untenable reasons as it was imposed as a remedial sanction to elicit Ms. Cramer's compliance with the parenting plan.

The trial court did not abuse its discretion when it ordered a suspended 14-day jail term.

REINSTATEMENT OF RESTRAINING ORDER

Ms. Cramer argues the trial court abused its discretion when it extended an ex parte restraining order. Because Ms. Cramer did not appeal the restraining order and the record is insufficient for our review, we decline to address this alleged error.

RAP 5.3(a)(3) requires a party seeking appellate review to designate the decision or part of the decision that the party wants reviewed. Here, Ms. Cramer's notice of appeal references only the "Contempt Hearing Order March 28, 2023." CP at 17. Further, an appellant must provide a sufficient record to review the issues raised on appeal. RAP 9.2(b). "An insufficient appellate record precludes review of the alleged errors." *Stiles v. Kearney*, 168 Wn. App. 250, 259, 277 P.3d 9 (2012).

Ms. Cramer failed to appeal the restraining order and did not designate the order for our review. Consequently, we decline to review the alleged error.

ATTORNEY FEES

Ms. Cramer seeks an award of attorney fees on appeal. Because Ms. Cramer is not the prevailing party, we decline her request for attorney fees.

Mr. Cramer also requests an award of attorney fees on appeal. RAP 18.1(a) provides, "[i]f applicable law grants to a party the right to recover reasonable attorney fees or expenses on review before either the Court of Appeals or Supreme Court, the party must request the fees or expenses as provided in this rule." RCW 26.09.160 governs a parent's failure to comply with the terms of a parenting plan. RCW

8

26.09.160(2)(b) provides, "[i]f . . . the court finds after hearing that the parent, in bad faith, has not complied with the order establishing residential provisions for the child, the court shall find the parent in contempt of court" and shall order "[t]he parent to pay, to the moving party, all court costs and reasonable attorneys' fees incurred as a result of the noncompliance." The attorney fees and costs provisions of RCW 26.09.160(2)(a)(ii) extends to appeals. *Rideout*, 150 Wn.2d at 359.

Because we affirm the trial court's order on contempt, we award Mr. Cramer reasonable attorney fees and costs on appeal.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Cooney, J.

WE CONCUR:

Lawrence-Berrey, C.J.                    Johnson, J.P.T. [†]

---

[†] Brandon Johnson, an active judge of a court of general jurisdiction, is serving as a judge pro tempore of this court pursuant to RCW 2.06.150(1).