IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| ERWIN CHAPPEL, CARDELL THOMPSON, and CLARENCE WILLIAMS, | No. 88076-4-I |
| Respondents, | DIVISION ONE |
| NORTHWEST ASSOCIATION OF RETIRED BLACK FIRE FIGHTERS, a Washington State Corporation, | |
| Plaintiff, | UNPUBLISHED OPINION |
| v. | |
| DOUGLAS JOHNSON, SEATTLE BLACK FIREFIGHTERS ASSOCIATION, a non-profit corporation, JULIANA EDWARDS, HILTON JONES, CHRISTIANSON DOCKTER, | |
| Appellants. | |

SMITH, J. — Seattle Black Firefighters Association (SBFFA) is a non-profit organization, and its sole major asset was a house at 2303 East Pike Street in Seattle. In an earlier appeal, Chappel, and other active and retired members, brought action against SBFFA to enjoin the association from selling the house. Chappel alleged, among other things, that SBFFA breached its fiduciary duty. This court affirmed the trial court's determination that the retired firefighters remained members with voting rights and that membership was not determined

by payment of dues, therefore, the vote was improper. We also determined no breach of fiduciary duties or negligence by the board occurred.

In November 2024, SBFFA sold the house. SBFFA now appeals the trial court's finding of contempt and order to compel based on provisions of the findings of fact, conclusions of law and order entered on December 26, 2023. The court found SBFFA in contempt for its failure to follow the procedure the court ordered regarding the sale of the house. The court also found SBFFA failed to provide Chappel corporate documents for a period of two years and granted the motion compelling it to do so. Finding no error, we affirm.

## FACTS

Some facts are taken from the earlier opinion.[1] SBFFA is a non-profit organization that was incorporated in 1979. SBFFA was established by Black firefighters in the Seattle Fire Department to fight against racism in the department and the community at large. SBFFA's purposes to support Black firefighters in the fire service, serve the community through charitable works, and raise the skill and efficiency of the fire service are reflected in its articles of incorporation and its bylaws.

In the 1970s, the SBFFA acquired a house in Seattle's Central District, at 2302 East Pike Street. SBFFA used the house for organization activities, and it was also used by other Black professional associations and community members.

---

[1] *Chappel v. Johnson,* 35 Wn. App.2d 479, 576 P.3d 578 (2025).

By 2021, the house was SBFFA's only major asset and it was not encumbered by a mortgage. In November 2021, Douglas Johnson, the president of SBFFA and SBFFA executive board member, initiated a vote to sell the house, and SBFFA members passed a resolution to sell the house.[2] Erwin Chappel, Cardell Thompson, and the Northwest Association of Retired Black Fire Fighters (NARBFF) sued, alleging that Johnson and SBFFA, among others, did not give adequate notice of the vote and the resolution to sell the house was improper.[3]

In December 2023, the court found that neither SBFFA's articles nor the by-laws gave the board the authority to sell the house without membership approval. The court held that notice was deficient and there was no quorum. The court ordered that a proper vote be held, all SBFFA members must receive sufficient notice, and a vote must have a quorum.[4]

In November 2024, SBFFA sold the house to Unico Designs. In December 2024, Chappel moved to hold SBFFA in contempt for the sale of the house and denying retired members their voting rights. Chappel also asked the court to compel SBFFA to produce corporate records as it related to the sale of the house. In February 2025, the court granted Chappel's motion for contempt

---

[2] The court found that "[n]one of the defendants were able to testify who made the motion to sell the house, who seconded the motion and the actual language of the motion to sell the house at the membership meeting. The relevant meeting minutes are sparse, conclusory and lacked substantive details."

[3] Chappel and Thompson are current firefighters at the Seattle Fire Department. NARBFF consists of retired firefighters from the Seattle Fire Department.

[4] The court also found that SBFFA's bylaws stated that retired firefighter members were SBFFA members with equal voting rights.

and to compel, finding that Johnson and SBFFA did not follow the court ordered procedure. In part, the court found that the home was "sold likely based upon contemptuous conduct in violation of the Court's Findings and Conclusions." Chappel also requested that the court reverse the sale of the home. The court continued this issue so that other interested parties, namely Unico Designs, had the opportunity to appear. SBFFA was also compelled to provide Chappel corporate documents for a period of two years. The court also granted the Chappel's request for fees.

Later, the court held that Unico Designs was a bona fide purchaser and the court could not reverse the sale of the house as a sanction for SBFFA's contempt. Johnson and SBFFA appeal the court's order granting plaintiff's motion for contempt and to compel and granting plaintiff's third motion to enforce the judgment. They assert that the order fails essential requirements of Washington law because it (1) does not identify with specificity the clear, definite, and specific provisions of the court order that were violated, (2) lacks written, specific factual findings tying particular acts to any such order, and (3) omits a purge mechanism which renders the sanction punitive rather than coercive. Because the order does identify the provisions which were violated, the Washington statute does not require written findings, and the order contained a purge mechanism, we affirm.

ANALYSIS

*Contempt of court* is the "intentional ... [d]isobedience of any lawful judgment, decree, order, or process of the court." RCW 7.21.010(1)(b). A party

is held in contempt to coerce them into obeying the court's order. *Arnold v. Nat'l Union of Marine Cooks & Stewards Ass'n*, 41 Wn.2d 22, 27, 246 P.2d 1107 (1952).

Contempt of court rulings are reviewed under an abuse of discretion standard. *State v. Artison*, 35 Wn. App. 2d 908, 925, 580 P.3d 476 (2025). "A court abuses its discretion when an 'order is manifestly unreasonable or based on untenable grounds' " "includ[ing] those that are unsupported by the record or result from applying the wrong legal standard." *Gilmore v. Jefferson County Pub. Transp. Benefit Area*, 190 Wn.2d 483, 494, 415 P.3d 212 (2018) (internal quotation marks omitted) (quoting *In re Pes. Restraint of Rhome*, 172 Wn.2d 644, 668, 260 P.3d 874 (2011)).

We will not disturb a finding of contempt "as long as it is supported by substantial evidence in the record." *In re Rapid Settlements, Ltd's*, 189 Wn. App. 584, 601, 359 P.3d 823 (2015). "Substantial evidence is evidence sufficient to persuade a rational, fair-minded person of the truth of the finding." *Artison*, 35 Wn. App. 2d at 926. This court will "uphold a trial court's contempt ruling if we can find a proper basis for contempt." *Artison*, 35 Wn. App. 2d at 925.

<u>Identification of the Basis of Contempt</u>

Johnson contends that the court erred when it failed to identify a specific provision of a lawful court order that Johnson and SBFFA disobeyed.

The order granting plaintiffs' motion for contempt and to compel detailed that:

[a] proper vote regarding whether to sell the SBFFA House did not

occur pursuant to the Court's Findings of Fact, Conclusions of Law & Order entered on December 26, 2023.  The matter of the sale of the house was not put forward to the membership at a properly noticed meeting.  Plaintiffs have been deprived of their membership rights.

The order referred to a lawful court order: the trial court's finding of fact, conclusions of law and order.  The court's findings of fact, conclusions of law & order stated what a proper vote entailed:

If the board is recommending sale of the SBFFA house and a resolution is initiated and approved, the matter must be put forward to the membership for a vote at a properly noticed meeting. All members shall be given notice of the meeting.  A quorum is required.  Roberts Rules of Order shall be followed.  The duly elected secretary, not the President, shall take appropriate meeting minutes.  The decision of the membership shall be determinative as to whether the SBFFA house is sold.

Further, in the order granting plaintiffs' motion for contempt and to compel, the court detailed how SBFFA violated the court's order.  The order stated that a proper vote did not occur, the sale of the house was not put forward to the membership at a properly noticed meeting, and the plaintiffs were deprived of their membership rights.  The order is clear about what the court found.  There was no error.

### Specific Written Findings

Johnson asserts that a civil contempt order requires written, specific findings.[5]  Johnson cites *State v. Boatman* to support that Washington statute

---

[5] Johnson also contends that the court substituted written findings with a credibility assessment when it stated, "there was an attempt to appear [compliant], but at the core there was not a genuine earnest desire to do that."  Ample evidence in the record supports that SBFFA did not follow the court's order.  Particularly, Chappel submitted evidence that he and other active and retired firefighters attempted to communicate with SBFFA to ensure they were voting members.  SBFFA was unresponsive to their requests.

requires written and specific findings for contempt orders. 104 Wn.2d 44, 48, 700 P.2d 1152 (1985). *Boatman* held that "the civil contempt statute requires that if a person is to be imprisoned until [they] perform[] an act, 'the act must be specified in the warrant of commitment.' " 104 Wn.2d 44 at 47-48 (quoting former RCW 7.20.110). However, this holding is based on outdated law. *Boatman* cites to former RCW 7.20.110, which was repealed in 1989. Our current statutes do not require written findings in a contempt order. *See* RCW 7.21.010 to 7.21.900. Because written findings are not required, we find no error.

<u>Sufficient Purge Mechanism</u>

*a. Punitive Versus Remedial Sanction*

Johnson asserts that the court erred when it did not state how SBFFA could purge its contempt. Because there was no purge condition, Johnson claims that the sanction is punitive.

A remedial sanction is "imposed for the purpose of coercing performance when the contempt consists of the omission or refusal to perform an act that is yet in the person's power to perform." RCW 7.21.010(3). On the other hand, a sanction is punitive if "it is imposed to punish a past contempt of court, results in a determinate sentence, and does not afford the defendant an opportunity to purge the contempt by performing the acts required in the original order." *State v. Buckley*, 83 Wn. App. 707, 712, 924 P.2d 40 (1996).

The order granting Chappel's motion for contempt and to compel clearly stated what SBFFA must do to comply. In addition to stating that a proper vote did not occur, the order also stated that "[d]efendants must immediately produce

7

to Plaintiffs' counsel all documents and correspondence related to the sale of the SBFFA House and membership rights, including all corporate documents (i.e., financial books and reporting)." Although the order did not specifically state that production of the documents was a purge condition, the order clearly was a result of the court's contempt finding and that Johnson had to produce documents to Chappel to purge the contempt.

### b. Within SBFFA's Power to Perform

Johnson also contends that the sanction was not in his power to perform. Specifically, Johnson asserts that the contempt ruling was "predicated on past 'improper notice' of the property sale" and the sale had already closed.

The law presumes that a party can perform the actions required by the court. *Artison*, 35 Wn. App. 2d at 926. The contemnor can rebut this presumption by showing it is unable to comply with the court order. *Artison*, 35 Wn. App. 2d at 926. "It must 'offer evidence as to [its] inability to comply and the evidence must be of a kind the court finds credible.' If the contemnor satisfies its burdens, the trial court cannot hold it in contempt." *Artison*, 35 Wn. App. 2d 908 at 926 (alteration in original) (citation omitted) (quoting *In re Pers. Restraint of King*, 110 Wn.2d 793, 804, 756 P.2d 1303 (1988)).

Johnson asserts that because the sale already closed at the time of the contempt order, compelling "a re-vote or unwinding the transaction is not a presently performable act." In December 2023, the court ordered SBFFA to (1) accept dues from retired firefighter members, and (2) put forth the issue of the sale of the SBFFA house to a vote of the membership at a properly noticed

8

meeting with a quorum.  Johnson does not provide evidence that SBFFA was unable to comply with these provisions at the time of the order.

Further, the contempt order does not state that SBFFA must conduct a revote or reverse the sale of the home to comply with the court.  In the contempt order, the court recognized that house was sold and indicated that there were other interested parties who should be afforded an opportunity to be heard with respect to the plaintiffs' requested relief regarding reversal of the sale of the house.  It therefore continued the matter for a hearing at a future date.  The court later ruled that it lacked jurisdiction to reverse the sale of the house.  Instead, the court held that SBFFA must produce e-mails and documents to Chappel.  Johnson does not provide evidence that he is unable to produce the relevant e-mails and documents.  The court did not err.[6]

<u>Attorney's Fees</u>

Chappel requests attorney fees, asserting that SBFFA is in contempt and its appeal is an attempt to avoid the court's order.

This court may award reasonable attorney fees or expenses if an applicable law grants a party the right to recover it.  RAP 18.1.  RCW 7.21.030(3) permits the recovery of attorney fees for a party defending the appeal of a

---

[6]  SBFFA contends that we should vacate the contempt fee award because under RCW 7.21.030(3), fees are only authorized in connection with the contempt proceeding.  Because the court properly found SBFFA in contempt, the trial court did not err in awarding fees.

9

contempt order. *In re Marriage of Curtis*, 106 Wn. App. 191, 202, 23 P.3d 13 (2001).

We find the court's contempt order was clear as to which provisions of the court's December 2023 order Johnson violated, and it stated a purge provision within Johnson's power. Therefore, we award attorney fees in favor of Chappel.

We affirm.

_____

WE CONCUR:

_____     _____